*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASON DAVID SADOWSKI,

       Plaintiff-Appellant,

V

STATE OF MICHIGAN,

       Defendant-Appellee.

UNPUBLISHED
July 22, 2021

No. 354193
Court of Claims
LC No. 20-000047-MZ

Before: HOOD, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiff Jason David Sadowski appeals by right an order of the Court of Claims granting summary disposition in favor of defendant state of Michigan (the state) under MCR 2.116(C)(10). Sadowski sought compensation under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.*, after his criminal convictions were reversed by this Court on the basis of a Confrontation Clause violation and evidentiary error and following his acquittal on all charges upon retrial. Sadowski argued that the WICA did not require him to prove that his convictions were reversed on the basis of new evidence in order to be entitled to compensation under the WICA. The Court of Claims disagreed with Sadowski's interpretation of the WICA and summarily dismissed the case because Sadowski's convictions were not reversed based on new evidence. The ruling by the Court of Claims with respect to the construction of the WICA was consistent with this Court's binding opinion in *Tomasik v Michigan*, 327 Mich App 660; 935 NW2d 369 (2019). Our Supreme Court denied leave in *Tomasik.* 505 Mich 956 (2020). We decline Sadowski's request to "overturn" the decision in *Tomasik*, and we affirm the order granting summary disposition to the state.[1]

---

[1] We do not have the authority to "overturn" a precedentially-binding opinion issued by this Court. MCR 7.215(J)(1). At most, we could request that a special panel be convened if we disagreed with *Tomasik*, MCR 7.215(J)(2) and (3), but we must still abide by *Tomasik*, MCR 7.215(J)(1). We decline to create a conflict and choose not to seek the convening of a special panel.

Following a jury trial, Sadowski was convicted of solicitation to commit murder, MCL 750.157b(2), two counts of torture, MCL 750.85, two counts of unlawful imprisonment, MCL 750.349b, and two counts of assault by strangulation, MCL 750.84. A factual summary of Sadowski's criminal case was set forth in this Court's opinion in *People v Cope*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2015 (Docket Nos. 321697 and 322621), pp 2-4.[2] In reversing Sadowski's convictions, the *Cope* panel held "that he is entitled to a new trial based on the violations of his Sixth Amendment right to confront witnesses presented against him." *Id.* at 17. The Court also determined that evidence regarding a handgun was improperly admitted against Sadowski, ruling that "[t]he erroneous and deliberate introduction of this highly prejudicial testimony would merit reversal and retrial[;] [h]owever, because retrial is already warranted, it is sufficient to direct the court on retrial to exclude this evidence." *Id.* at 20-21. On retrial, the jury found Sadoski not guilty on all of the charges. He asserts that he was acquitted on retrial on the basis of new evidence that was not presented at his first trial, including lay and expert witness testimony and certain physical evidence. Sadowski then proceeded to file suit against the state under the WICA in the Court of Claims.

After the initial action was summarily dismissed because of a notice failure under MCL 600.6431, which notice issue became irrelevant when the Legislature subsequently amended MCL 600.6431 pursuant to 2020 PA 42, precluding its applicability to a WICA claim, see MCL 600.6431(5), Sadowski again filed suit against the state. In lieu of filing an answer, the state moved for summary disposition under MCR 2.116(C)(10). The Court of Claims granted the motion, holding as a matter of law that Sadowski failed to meet his burden under MCL 691.1755(1) to show that his criminal convictions had been reversed by this Court on the basis of new evidence. This appeal ensued.

On appeal, Sadowski argues that the Court of Claims was bound by the analysis in *Tomasik*, that the analysis in *Tomasik* was flawed, reflecting a misinterpretation of the WICA, and that this panel should overturn the decision in *Tomasik* and remand the case to the Court of Claims so that Sadowski can seek compensation under the WICA.

We review de novo a ruling on a motion for summary disposition, as well as issues of statutory interpretation. *Tomasik*, 327 Mich App at 672.[3] MCL 691.1755(1) provides, in pertinent part:

---

[2] Sadowski was tried jointly with Charles Cope, and their appeals were consolidated; Cope's convictions were affirmed by this Court. *Cope*, unpub op at 2.

[3] MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with

In an action under . . . [the WICA], the plaintiff is entitled to judgment in the plaintiff's favor if the plaintiff proves all of the following by clear and convincing evidence:

* * *

(c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial.

And MCL 691.1752(b) defines "new evidence," in relevant part, as "any evidence that was not presented in the proceedings leading to plaintiff's conviction, including new testimony, expert interpretation, the results of DNA testing, or other test results relating to evidence that was presented in the proceedings leading to plaintiff's conviction."

In *Tomasik*, 327 Mich App at 674-675, this Court construed the language in MCL 691.1755(1)(c), stating:

[B]roken out, the subdivision requires that plaintiff prove that "new evidence":

• "demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction,"

• "results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and"

• "results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial."

Grammatically, there is no ambiguity in this statutory language. The noun phrase "new evidence" precedes a series of parallel clauses, each clause beginning

_____

respect to any material fact." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); see also MCR 2.116(G)(6).

with a parallel verb ("demonstrates," "results," and "results"), joined together by the coordinating conjunction "and." The noun phrase is the subject of each of the parallel verbs in Subdivision (c), and the language is structured as a syndeton in which all of the conjuncts (i.e., the three parallel clauses) must be satisfied for the test to be met. Thus, as a matter of straightforward grammar, Subdivision (c) requires an exonerated individual to prove each of the following: (i) new evidence shows that the individual did not commit the crime or participate as an accomplice or accessory; (ii) new evidence results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon; and (iii) new evidence results in dismissal of the charges or a finding of not guilty after retrial. [Brackets and emphasis omitted.]

Sadowski argues that the *Tomasik* panel erred by concluding that MCL 691.1755(1)(c) requires proof that a conviction was reversed on the basis of new evidence. Sadowski admits that his convictions were reversed by this Court because of the Confrontation Clause violation, and we note that the improper admission of the handgun evidence also provided a basis to reverse and order a new trial. Neither basis for reversal constituted "new evidence." Again, we are bound by *Tomasik*. MCR 7.215(J)(1). Accordingly, we must conclude that Sadowski failed to establish, as a matter of law, that he was entitled to compensation under the WICA because he simply could not demonstrate that *new evidence* resulted in the reversal of his criminal convictions. Moreover, we agree with *Tomasik*'s interpretation of MCL 691.1755(1)(c)—it is consistent with the plain and unambiguous language of the statute. See *Slis v Michigan*, 332 Mich App 312, 336; 956 NW2d 569 (2020) ("When statutory language is clear and unambiguous, we must apply the statute as written.").

We affirm. Having fully prevailed on appeal, the state may tax costs under MCR 7.219.


/s/ Karen M. Fort Hood
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher

-4-